Stoby, Justice,
 

 delivered the opinion of the court. —This is a prize cause, brought by appeal from the circuit court of Massachusetts, affirming,
 
 pro formd,
 
 the decree of the district court of Maine. The sloop Experiment and cargo are confessedly British property, and were captured by the privateer Fly, during the late war, and brought into port, and proceeded against by the captors in the proper court, for the purpose of being adjudged lawful prize. Ho claim was filed in behalf of the captured ; but the United States interposed a claim, upon the ground, that the capture was fraudulent and collusive, and the cargo was introduced into the country, in violation of the non-importation acts then in force, which prohibited the importation of goods of British manufacture, *as the goods comprising this cargo certainly were. Upon the trial in the court below, the claim of the United States was sustained, and the capture being adjudged collusive, a condemnation was decreed to the government. From that decree the captors have appealed to this court; and the cause now stands for judgment, as well upon the original evidence, as the further proofs which have been produced by the parties in this court.
 

 The privateer is the same whose conduct came under consideration in the case of
 
 The George,
 
 reported in 1 Wheat. 408, and 2 Ibid. 278, and was there adjudged to have been collusive. The present capture was made during the same cruise, by the same crew, and about six days only before the capture of the George. Under an order of the court, the original papers and proceedings in the case of
 
 The George,
 
 have been invoked into this cause; and after a long interval, during which the parties have had the most ample opportunities to clear the case of any unfounded suspicions, the decision of the court upon the arguments at the bar, is finally to be pronounced.
 

 At the threshold of the cause, we are met by the question, whether a party claiming under a commission, which he has obtained from the government by fraud, or has used in a fraudulent manner, can acquire any right to captures made in virtue of such commission. Undoubtedly, a commission may be forfeited, by grossly illegal conduct; and a commission fraudulently obtained, is, as to vesting the interests of prize, utterly void. But a commission may be lawfully obtained, *although the parties intend to use it as a cover for illegal purposes. It is one thing to procure a commission by fraud, and another, to abuse it for bad purposes. And if a commission is fairly obtained, without imposition or fraud upon the officers of government, it is not void, merely because the parties privately intend to violate, under its protection, the laws of their country. The abuse, therefore, of the commission, is not,
 
 per se,
 
 evidence that it was originally abtained by fraud and imposition. The illegal acts of the parties' are sufficiently punished, by. depriving them of the fruits of their unlawful enterprises. A collusive capture conveys no title to the captors, not because the commission
 
 *117
 
 is thereby made void, but because tbe captors thereby forfeit all title to tbe prize property.
 

 And after all, while tbe commission is unrevoked, it must still remain a question, upon each distinct capture, upon tbe evidence regularly before tbe prize court, whether there be any fraud in the original concoction, or in tbe conduct of tbe cruise. We cannot draw in aid tbe evidence which exclusively belongs to another cause, to fix fraud upon tbe transaction, unless so far as, upon tbe general principles of prize proceedings, it may be properly invoked. Tbe present case, then, must depend upon its own circumstances.
 

 It cannot, however, escape the attention of tbe court, that this privateer has already been detected in a gross case of collusive capture, on tbe same cruise, and under tbe same commission. This is a fact, of which, sitting as a court of admiralty, *we are bound to take notice; and it certainly raises a presumption of ill-faith in other transactions of tbe same parties, which can be removed only by clear evidence of honest conduct. If the circumstances of other captures, during the same cruise, are such as lead to serious doubts of the fairness of their character, every presumption against them is greatly strengthened ; and suspicions once justly excited in this way, ought not to be easily satisfied. The captors have had full notice of the difficulties of their case, and after an order for further proof, which should awaken extraordinary diligence, they cannot complain that the court does not yield implicit belief to new testimony, when it comes laden with grave contradictions, or is opposed by other unsuspected proofs.
 

 Many of the circumstances which were thought by the court to be entitled to great weight in the decision of
 
 The
 
 George, have also occurred in the present case. The original equipment, ownership, shipping-articles, and conduct of the cruiser, are, of course, the same. The stay at Machias, the absence of Lieut. Sebor, the very suspicious nature of his journey, the apparent connection of that journey with persons and objects in the immediate vicinity of the place where the voyage of the prize commenced, are distinctly in proof. The bad equipment of the prize, her indifferent condition, and small crew for the voyage, the nature of her cargo, and the flimsy pre-tences set up for the enterprise, in the letters on board, are circumstances of suspicion, quite as strongly made *out, as in
 
 The George.
 
 The conduct of the prize, during her ostensible voyage, was still more striking. She was far out of the ordinary course of the voyage, without any necessity, or even plausible excuse. She chose voluntarily to sail along the American coast, out of the track of her voyage, even at the moment when she affected to have notice that the Fly was on a cruise ; and she exposed herself to capture, in a manner that can scarcely be accounted for, except upon the supposition of collusion. The pretence set up for this conduct, is exceedingly slight and unsatisfactory. The circumstances of the capture, too, as they come from the testimony of some of the captors, as well as from a disinterested witness, are not calculated to allay any doubt. Here, as in
 
 The George,
 
 all of the prize crew, excepting one, were dismissed, without any effort to hold them as prisoners, and without any apparent reason for the dismissal. And if the testimony of one of the captors is to be believed, there is entire proof, that the prize was long expected, and came as a known friend, under preconcerted signals. It may be added, that the testimony of the captors is, in some material respects, inconsistent; and if the testimony
 
 *118
 
 of two disinterested and respectable witnesses is to be credited, the master of the prize, in opposition to his present testimony, admitted, in the most explicit manner, that the capture was collusive.
 

 We do not think that it would conduce to any useful purpose, to review the evidence at large. It appears to us, to be a ease, where the circum-stances *of collusion are quite as strong, if not stronger, than in
 
 The George.
 
 And we are, therefore, of opinion, that the decree of condemnation of the prize and her cargo, to the United States, ought to be affirmed, with costs.
 

 Decree affirmed.